Case No. 242956. Mr. Egan. May it please the Court. James Egan for Stephen Valder. The District Court's imposition of life sentence in prison was unlawful. No statute of conviction authorized a life sentence, and Mr. Valder's prior offense did not trigger the mandatory life sentencing provision of 3559E for three reasons. That statute was overbroad with respect to the threat, the illicit acts, and the age of the victim. Therefore, we ask this Court to vacate the judgment and remand for resentencing. So as to the forcible compulsion issue, that is subject to plain error. We do not agree with that, Your Honor. That argument was presented below under Rule 51. Preservation was presented, and then, as I understand it, but you can correct me if I'm wrong, the District Court denied it without prejudice to it being presented again at sentencing, and at sentencing that was not presented. Is that correct? Again, two points to clarify there. The Court did not say to be reasserted at sentencing. The Court merely denied without prejudice and gave no further reason. Secondly, in the pre-sentence report, the probation office stated that the 3559E was applicable, and as noted in the addendum, the defense counsel objected for the reasons presented in that earlier motion. But you did use the hybrid approach argument at sentencing, right? Did not reassert it, correct. The hybrid approach argument about the age being an element. You did make that argument at sentencing in the pretrial motion. Yes, a pushback, respectfully. Again, in the addendum, it was noted, which is part of the sentencing proceeding, that the defense objected to the 3559E for the threat prong because that was incorporated in the earlier motion. So, yes, it was presented at sentencing broadly. So that's the concern. When you say broadly, you mean it just made a very, very broad reference without reference to the more specific element. And as Judge Park's question suggests, you make a very specific argument with respect to the minor victim component. So how is it that the district court would understand that both arguments with specificity are on the table? Because they were timely presented and specifically presented, which is all 51 requires. And in the addendum, the defendant — Well, when you say specifically presented, you did not specifically — the specific representation had to do with minor victim, not with forcible compulsion. That's correct, Your Honor. And litigants are free to emphasize whatever points they want. They're not bound to emphasize everything. I'm not suggesting that they're not. But at the very least, a reference to the forcible compulsion argument. Just there's an argument. You could have even said we preserved it earlier and you denied it without prejudice, and we just want to, since it's without prejudice, not abandon or waive the argument. Sure. And I'm not suggesting it's not. Best practice would have been to reassert — So assume plain error. Okay. Assume that that is the standard of review. Yes. Then how do we proceed? Well, you can proceed on two grounds. With respect to threat, the government, I think, acknowledges that 2241A is not itself an appropriate analog. They're trying to bring in 2242 now. And that's because 2241 requires the threat to be for serious bodily injury, whereas the state statute did not. That's the thrust of the argument there. Correct. And that's because we're in the categorical approach, because there's no doubt that how your client committed the state crime was with the actual use of force. But because we're categorically analyzing the statute, we are focusing on the threat aspect. Right? I agree that it doesn't matter how he committed it, so I won't spend any time on that. But, yes, the force or the threat. As you said, 2242 seems to allow threats that indeed requires the threat to be other than by threatening serious bodily injury. Correct. So your position is that we can't look at the two statutes. But I want you to expand on that, because if New York has treated non-bodily injury threats or less than serious bodily injury threat in one statute, but the federal government has treated them in two statutes, don't we have the answer to the real question here, which is, is what your client got convicted of a federal sex offense? And either under 2241's force provision or 2242's threats provision, it is. Okay. Thank you. No, because forcible compulsion, as defined by New York state law, is threats or force, which we talked about. That is the element. The force or the threat are means. They do not have to be indicted. They're not separate offenses. The court has made the third department make clear in Horton, 181 AD 3rd, 986, 2020 case. They're not separate offenses. And in Boyce, the fourth department case, 305 AD 2nd, 1022, they made clear that it doesn't have to be unanimous. I'm sorry to interrupt, but I want you to be able to focus your argument in a way that resolves my difficulty. We're looking at what a federal sex offense is. That's what has to be satisfied to trigger the life sentence aggravator. So 2241 indeed does require forcible compulsion in a way that's specifically defined, but that's not our concern. Help me out. Because, well, so the force or threat, those two are means. They're not elements. So because they're not elements, his prior conviction does not include every element of any, whether you match them or not, federal offense under 3559. Because you can't, you don't get threat or force, you don't get threat for 2241. I'm sorry, for 42, because it's not an element. The jury is not required to find threat. You could have six find force, six find threat, and that would be fine under New York law. But it wouldn't be fine to establish the element of threat necessary to convict under 2242. Well, 2241 causes another person to engage in a sexual act by threatening or placing that other person in fear, other than the kind of fear that satisfies 2241. Right. So why do you say we're not looking at the threat component of 2242? Help me out. Because under New York law, the forcible compulsion is the element. It's not force. It's not threat. Those are just means. They're not elements. So you can't take force or threat and plug that into 41 or 42. It's not an element. So it doesn't satisfy 41 or 42, even if you're doing three elements of 41 and one element of 42 or whatever. You're not going to get — As I said, they're not elements. But to the extent we're asking, is threat of physical injury, which is the New York crime, not serious physical injury, a sex offense under Federal law, why isn't it a sex offense under 2242? Because no jury found threat, right? Unanimously so. Because it's not an element. Because he actually used force on the kid rather than threatening him with force. It's not a 2242 crime. Is that it? No, because under New York law, the jury is charged with forceful compulsion. They go back to deliberate. Six of them say, I think he used force. Six of them say, I think he used threat. None of them — you don't have a unanimous finding as to force or threat, so you can't use that as an element to plug into 41 or 42. It's not — so it doesn't satisfy the categorical approach. And that's enough. If the presider is indulgent, can I ask one more question? Why isn't this harmless here? The district court said even without the life sentence, the mandatory life sentence, she would have given 1,800 months and observed that that's obviously more than a life sentence. Because 3559e applies to a count, a single count. That count in this case would either be 15 or 30 or, as a statutory maximum, 25 to 50. The life certainly exceeds that, both qualitatively and quantitatively. Also, if you were to look at the broad package of convictions, if you like, nevertheless, in the future, should — well, Stephen Balder can still outlive that term of year sentence. It's possible. Also, he could vacate other counts of conviction, and he would not then be able to challenge that life sentence should those other counts of conviction be vacated. Life sentence carries with it real, materially different consequences. Correct. Yes. Yes. I see my time is over. I do — can I just make one quick point?  I've noted in the reply in response to the argument that's brought out with respect to 2242 that the illicit acts included within the New York State offense are broader than any federal offense. That is enough to vacate. Even though it wasn't raised, even if you deem it waived, it would still be subject to manifest injustice analysis, and he would be innocent of that statutory enhancement, 3559e. That would be a reason to vacate and remand for resentencing. Thank you very much. If you reserve the time for rebuttal, we'll hear from Mr. Sutcliffe. Good morning. May it please the Court, Thomas Sutcliffe on behalf of the United States. The district court here correctly imposed a mandatory life sentence pursuant to 18 U.S.C. 3559e. There are two requirements for a prior offense to trigger that enhancement. The first is that the offense meet the definition of a prior sex conviction, and the second is that the prior offense have involved a minor victim. Both these requirements are satisfied here. First, with respect to the prior sex conviction requirement as a threshold matter, and as the Court alluded to before, plain error review does apply here. The defendant did not at any time during the sentencing itself raise the issue of whether his prior. He did raise it earlier and got an adverse ruling from the Court. I mean, can't we review any ruling of the Court that the defendant is now arguing was erroneous? Why would he have to have renewed it? Because it was denied without prejudice, Your Honor. I'm sorry, because? Because it was denied without prejudice. Okay. That indicated it was not a definitive ruling. Without prejudice here means without prejudice to renew it at the appropriate time. And here that would have been at the moment that the defendant was actually addressing the sentence to be imposed. That would have been at sentencing. I would further note that, you know, to the extent he is raising an actus reus issue, this definition of sexual abuse, whether the acts here are a categorical match, that's forfeited for an additional reason, which is that even in that pretrial motion, he did not raise this issue before. The idea that a sexual act, as defined under Federal law, creates a categorical disparity with the State statute. So that's not. I find interesting the government's arguments that the defendant did raise this or didn't raise that. You didn't raise 2242 below in the district court, and yet you want us to consider that statute. I mean, we've got both sides complaining about each other's not making certain arguments. That's fair enough, Your Honor, but the standards for affirmance are different. This Court has repeatedly said it can affirm on any basis so long as that it's supported in law. In addition, Your Honor, I don't think 2242 should have come as a surprise to the litigants. The defendant actually did address the applicability of 2242 in his pretrial motion. He simply identified a categorical mismatch that's different from the one that he's asserting here. In any case, there was no error here, plain or otherwise. First, with respect to this forcible compulsion issue, I think this was addressed during my opponent's argument, but even if the defendant here is correct, that the definition of forcible compulsion renders the State statute categorically broader than 2241 or 2242 individually. It ultimately doesn't matter because these two statutes combined encompass all the conduct that could be a violation of the State statute. Your support for the argument that we can combine statutes in using the categorical approach is what? Well, first, I would point to the text of 3559E. The critical question here is what? To be a State sex offense, it has to consist of conduct that would be a Federal sex offense. There's no dispute that there was an offense here. Well, what it says is the term Federal offense means an offense under. And then it states specific sections. So I'm trying to figure out whether that statute is correctly read to say you have to fit one of those sections or, as you're now arguing, that you can look under multiple ones. It has to be a violation. The conduct underlying the State statute as a categorical matter has to be a violation of one of those statutes. Here, we can say categorically that it was a violation of one of those statutes. We may not be able to say categorically which statute it was, but that doesn't matter. The purpose of the categorical approach has still been satisfied. Well, when you say of one of those statutes, you're specifically referring to 2242. It could be 2242 or it could be 2241, depending on. Okay. So this goes back to just Raji's question. You are suggesting that we don't have to choose which one of these statutes that are referenced in 3559-2A, I guess it's 2A. We don't have to choose which one is a categorical match. That's correct, Your Honor. You don't have to line it up with just one. So I think then the question still stands. What is your best case for that? Your Honor, I'm not aware of a case in this circuit that has interpreted, has addressed this issue one way or the other. We do cite some out-of-circuit cases that adopt a similar taken-together approach, for lack of a better term. What is the best case? Your Honor, probably the Tenth Circuit's case is the most, has the lengthiest discussion on this issue. And, Your Honor, I can check it quickly. It's definitely cited in the brief. I think it's Castillo is the case there. There's also, we cite to a Ninth Circuit case and also to a Third Circuit case, which in the Tenth Circuit case, which I apologize if I'm wrong. I believe it's Castillo. In that case, the defendant very aggressively challenged this type of approach and the Court rejected it. Now, in his reply brief, the defendant does argue that because the statute says any federal offense versus any federal offense, that this somehow changes the analysis. I think for all practical purposes, these two terms have the same effect. Again, there was an offense, and as long as it triggers one of the enumerated federal provisions, it was a federal sex offense. So the distinction here between a and any really doesn't carry any weight. And, again, if we are operating under plain error review, of course, the only question this Court has to decide is whether this error was clear or obvious, given that there is out-of-circuit authority, which is supportive of the government's position, and given the lack of case law that I'm aware of that's contrary to the government, binding or otherwise, I think this is a much clearer question to resolve under the clear or obvious standard. Let me ask you another question as to why 2241 and 2242 treat threats under two different provisions. I mean, it seems to me Congress could have just as easily have said in 2241 that it either involved the actual use of force or the threat of fear or a threat that instilled fear, the 2242 language, but instead they put them in two different statutes, which also, curiously to me, carry the same potential punishment. What is the difference that these statutes are attempting to capture? Your Honor, technically, I don't know. I'm not familiar enough with the statutory history. It could be the chronology in which they were passed. I'm not sure. Certainly, Your Honor is correct. They could have been placed together. But as I think Your Honor alluded to before, Congress's decision to separate them shouldn't adversely affect the categorical approach here. The fact that they could have been included in one statute is just further reason for why the Court should find a categorical match here with the state statute. Assumably, if the defendant were only charged with a 2242 offense, given the carve-out in the parenthetical, a defendant would have a defense to a 2242 charge if he were able to say, well, the fear, I put it, was for his life. He would be – the jury would be obliged to find him not guilty of 2242 if that were the only crime charge. If he was charged just with that, that may be correct, Your Honor, given the carve-out.  If I may just briefly address the sexual act issue. So the defendant argues that the term sexual act that's used in 2241 and 2242 creates a categorical mismatch here as well. To be clear, the defendant did not raise this in his opening brief or, as I indicated before, even in his pretrial motion in front of Judge Heard. And to be clear, 22 – the term sexual act, it appears in 2241, not just 2242. In any case, there was no plain error here. First, it's not clear that Federal law does actually require penetration under these circumstances. The key provision here is 18 U.S.C. 2246-2, which defines the sexual act for relevant purposes, or for our purposes, as contact involving the penis. I don't think this Court has ever interpreted this provision, but at the very least, so far as it references contact, that's the exact –  Doesn't it go on to say that penetration, however slight? It does, Your Honor. But the most logical way to read this statute is Congress's reference to penetration however slight seems to be an attempt to expand the statute, not to contract it. Well, expand it to penetration however slight. It's not clear it intended to expand it to non-penetration. And if I'm correct, non-penetration is enough to satisfy the New York statute. It is enough, but the way the statute is written, to have – to read it – I think the more logical reading is it's saying that contact is the standard, penetration however slight satisfies contact, but it doesn't say that that's the exclusive way to establish contact. And to read it that way would essentially read out the first clause altogether from that provision. Regardless, even if penetration is the requirement, the however slight modifier, I think makes clear that this is such a de minimis standard that as a practical matter, there is no level of contact that would satisfy the State provision without also satisfying the Federal one. And I apologize. I didn't have the chance to brief this as it was raised in reply, but I think the statutory history behind this provision supports that reading, and I'd be happy to provide a citation to that effect now if the Court would like.  Particularly, I'm referring to HR REP 99-594. I'm sorry. That was a little fast. I'm sorry. HR REP 99-594 on page 19. This is a House report that discusses the passage of what was then referred to as 2245. It is now referred to as 2246. And one of the relevant provisions in it, it's discussing penetration. It states, Penetration may be proved by indirect or circumstantial evidence. Then goes on to say that it is not necessary that the vulva or anus be entered and admission is not required. So Congress's view of the statute is that penetration doesn't require that the relevant organs be entered. If that's the case, then it's unclear what meaning penetration has that separates it from the contact standard under State law. And again, I just remind the Court that if we are under plain error review, the Court here doesn't have to definitively resolve this issue, but we would submit that this is at least enough to establish that there was not a clear or obvious error here. Your Honors, unless the Court has any further questions, the Government would ask that it affirm the conviction. Thank you. Thank you very much. Mr. Egan. Judge Raggi, 2241A and 2242, the threat portion, the reason for that is subsection C of 2241, which applies to certain aged victims, I believe 14 to 17. And the reason that that's carved out like subsection is because if it's a second one, then it's a mandatory wife. Okay. My adversary just raises the idea of penetration not being required under 22462A, but that reading would give no, would essentially read out the sexual contact language of subsection 3, which applies to penising as contact without penetration. The reason that, again, forcible compulsion is not enough to do the mismatch approach the Government argues is, one, there's no limiting principle to it at just writ large. Two, as Judge Raggi points out, 3559E is referring to specific statutes, unlike the cases the Government cites which deal with the guidelines that don't deal with specific statutes. But even if that weren't enough, again, force or threat under forcible compulsion are not elements, so they cannot be plugged into 2241 or 2242 the way the Government is arguing. It stops at forcible compulsion. We don't go any further, and that's not enough to satisfy the categorical approach. Thank you, Your Honor. Thank you. The court is adjourned.